IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES CARR, | § | |
| TDCJ #1155783, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0132 |
| | § | |
| KAREN MAHONE, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Robert Charles Carr (TDCJ #1155783), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Carr has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Carr appears *pro se* and he has been granted leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.   BACKGROUND

Carr, who is currently incarcerated at the Diboll Correctional Unit in Diboll, Texas, alleges that he was denied access to courts when he was incarcerated at TDCJ's Ellis Unit in Huntsville, Texas. Carr sues Ellis Unit Warden Alfred Janicek and Law Librarian Karen Mahone. Carr also sues the Clerk of the United States Court of Appeals for the Fifth Circuit, Charles R. Fulbruge, III, and the Clerk of the United States Supreme Court, William K. Suter.

Carr explains that, in December of 2006, the Fifth Circuit denied his petition for a certificate of appealability in a federal habeas corpus proceeding. Court records show that Carr sought a certificate of appealability from the Fifth Circuit in connection with a federal habeas corpus petition that he had filed under 28 U.S.C. § 2254 in *Carr v. Johnson*, Civil No. 6:05-0063 (E.D. Tex.), to challenge his guilty plea to charges of indecency with a child. The United States District Court for the Eastern District of Texas denied Carr's habeas corpus petition and issued a final judgment on March 9, 2006. *See id*. The district court denied Carr's request for a certificate of appealability under 28 U.S.C. § 2253. After Carr filed a notice of appeal, the Fifth Circuit also denied his request for a certificate of appealability on December 8, 2006. *See Carr v. Quarterman*, No. 06-40601 (5th Cir.).

Carr had ninety days from the date of the Fifth Circuit's decision in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1. Carr reports that he placed a petition for a writ of certiorari in the prison mail system at the Ellis Unit within the ninety-day time limit on March 5, 2007. Carr states that he mailed the petition and a motion for leave to proceed *in forma pauperis* to the United States Court of Appeals to the Fifth Circuit. After receiving no response, Carr contacted the Fifth Circuit, which reportedly informed him that they had no record of receiving his petition and supporting documents. At this time, Carr realized that he sent his petition for a writ of certiorari to the "wrong court."

Once he realized that he sent his petition for a writ of certiorari to the wrong court, Carr prepared identical copies of his pleadings and sent them to the United States Supreme

2

Court. By this time, however, Carr's petition for a writ of certiorari was late. Carr states that the Ellis Unit mailroom supervisor agreed to submit an affidavit in support of his petition, stating that it was timely filed, but the Clerk of the Supreme Court reportedly refused to accept the affidavit. Court records reflect that, in July of 2007, Carr filed a motion for leave to file a petition for a writ of certiorari out of time. The Supreme Court denied Carr's motion on October 1, 2007. *See Carr v. Quarterman*, — U.S. —, 128 S. Ct. 347 (2007).

In his pending civil rights complaint, Carr alleges that Law Librarian Karen Mahone refused to provide an affidavit in support of his effort to document the timeliness of his petition for a writ of certiorari. Carr complains that Fifth Circuit Clerk Charles R. Fulbruge III refused to comply with Rule 4(d) of the Federal Rules of Appellate Procedure by forwarding his petition for a writ of certiorari to the Supreme Court. Carr complains further that Supreme Court Clerk William K. Suter "refused to accept documented reasons" regarding the timeliness of petition for a writ of certiorari and would not present these reasons to the Supreme Court Justices for review.

Carr does not seek monetary damages. He seeks injunctive relief in the form of a court order requiring the Fifth Circuit and the Supreme Court to comply with the Federal Rules of Appellate Procedure and to accept his petition for a writ of certiorari for review. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III.    DISCUSSION**

Carr's complaint must be dismissed for failure to state a claim for a number of reasons. At the outset, Carr candidly admits that he did not attempt to exhaust administrative remedies regarding his claims against the Ellis Unit officials listed in his complaint. The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the United States Supreme Court held that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court. Carr's complaint against Law Librarian Karen Mahone and Warden Alfred Janicek was filed in violation of § 1997e(a).

In addition, Carr fails to state a claim against Warden Janicek because he does not allege that the Warden had any personal involvement with the claims outlined in the complaint. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). In order to successfully plead a cause of action in § 1983 cases, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Carr's conclusory allegations and generalized assertions are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990). Thus, with respect to Warden Janicek, Carr fails to state a valid claim upon which relief can be granted under 42 U.S.C. § 1983.

Alternatively, Carr fails to show that he was denied access to courts by any of the officials listed as defendants. According to the chronology set forth above, Carr had until March 8, 2007 to place his petition for a writ of certiorari in the mail to the Supreme Court. Carr waited until March 5, 2007, and then mailed his petition and supporting documentation

to the Fifth Circuit. As Carr concedes, he filed his petition in the "wrong court" when he sent his pleadings to the Fifth Circuit. The rules governing petitions for a writ of certiorari plainly state that, to be timely, petitions must be filed with the Clerk of the Supreme Court within ninety days after entry of judgment. *See* SUP. CT. R. 13.1. The rules further state that "[t]he Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time. *See* SUP. CT. R. 13.2. Because Carr filed his pleadings in the wrong court, he cannot blame the defendants for his failure to file a timely petition.

Carr claims that the Fifth Circuit Clerk's Office had a duty to forward his petition to the Supreme Court under Rule 4(d) of the Federal Rules of Appellate Procedure. Rule 4(d) concerns mistakenly filed notices of appeal, and not petitions for certiorari review:

> If notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district court. The notice is then considered filed in the district court on the date so noted.

FED. R. APP. 4(d). There is no corresponding provision in the Federal Rules of Appellate Procedure for mistakenly filed petitions for a writ of certiorari and no provision in those rules for forwarding incorrectly addressed correspondence to the United States Supreme Court. Based on the facts alleged in the complaint, the person responsible for Carr's untimely petition for a writ of certiorari is Carr, and not the defendants.

Likewise, Carr was not completely deprived of an opportunity to present his petition for a writ of certiorari. As noted in the chronology outlined above, Carr filed a motion with the Supreme Court in an effort to submit a petition for a writ of certiorari outside the time

limit. The Supreme Court denied his motion. *See Carr v. Quarterman*, — U.S. —, 128 S. Ct. 347 (2007). Carr complains that Clerk William K. Suter refused to provide the Supreme Court with evidence of his efforts to file a timely petition. Carr's complaint, in effect, asks this Court to order the Supreme Court to reopen its decision about the timeliness of Carr's petition. This Court lacks jurisdiction to force the Supreme Court — or any other court — to reconsider its own rulings. Indeed, it is well established that a district court lacks authority to compel judges and other court officials to take any action. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.1992); *see also McGann v. Suter*, 219 Fed. App'x 9 (D.C. Cir. 2007) (unpublished opinion) (citing *Stump v. Starkman*, 435 U.S. 349, 356 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam)); *Clayton v. Blalock*, 173 Fed. App'x 837, 838 (D.C. Cir. 2005) (unpublished opinion); *Spruel v. Suter*, 106 Fed. App'x 72 (D.C. Cir. 2004) (unpublished opinion); *Harris v. Suter*, 3 Fed. App'x 365, 366 (6th Cir. 2001) (unpublished opinion); *Evans v. Suter*, No. 07-20588, 2007 WL 4561122 (5th Cir. Dec. 28, 2007) (unpublished).

Further, the facts alleged by Carr, even if true, do not demonstrate liability with respect to Fulbruge or Suter. Court officials — including clerks of court — enjoy absolute immunity from suits on claims arising out of the performance of judicial or quasi-judicial functions. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988) (citing *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir.1986) (holding that the Clerk

of the Supreme Court has absolute quasi-judicial immunity)); *see also McGann*, 219 Fed. App'x 9 ("The district court correctly determined that [appellee Suter is] protected by absolute immunity."). When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within his professional functions. *See Mullis*, 828 F.2d at 1390; *Harris*, 3 Fed. App'x at 366. This protection is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief. *Mullis*, 828 F.2d at 1394. Carr's allegations against Fulbruge and Suter fail to overcome their entitlement to immunity in this instance.

More importantly, Carr does not allege sufficient facts showing that he was denied his constitutional right to access the courts. Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). However, a prisoner's right of access to courts is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351). Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

In this case, Carr contends that he was denied the right to file a petition for a writ of certiorari to challenge a decision by the Fifth Circuit to deny him a certificate of appealability

in a federal habeas corpus proceeding. As noted above, Carr filed his petition for a federal writ of habeas corpus to challenge a guilty plea that he made to charges of indecency with a child. The district court adopted a recommendation by the magistrate judge, who reviewed the petition and found that Carr's claims were waived by his voluntary guilty plea, which was made with the assistance of competent counsel. *Carr v. Johnson*, Civil No. 6:05-0063 (E.D. Tex.). The Fifth Circuit subsequently denied Carr's request for a certificate of appealability, holding that Carr failed to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Carr v. Quarterman*, No. 06-40601 (5th Cir. Dec. 8, 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Carr fails to show that he had, but was prevented from raising, a meritorious claim in his petition for a writ of certiorari. Absent a showing that Carr was denied the ability to bring a non-frivolous claim, he fails to establish that the defendants improperly interfered with his constitutional right of access to courts. *See Jones*, 188 F.3d at 325. Accordingly, for all of the foregoing reasons, Carr's pending complaint must be dismissed for failure to state a claim.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.  The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail**

to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on  February 11 , 2008.

_____
Nancy F. Atlas
United States District Judge